IN THE UNITED STATES COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| BANK OF THE WEST,<br><br>        Plaintiff,<br><br><br><br>                vs.<br><br><br>MILLENIA INVESTMENT<br>CORPORATION; ALAN E. COMBS; and<br>DANNY R. JONES,<br><br>        Defendants. | MEMORANDUM DECISION AND<br>ORDER GRANTING PLAINTIFF'S<br>MOTION FOR SUMMARY<br>JUDGMENT<br><br><br><br>Case No. 2:11-CV-465 TS |

This matter is before the Court on Plaintiff Bank of the West's Motion for Summary

Judgment. For the reasons discussed below, the Court will grant the Motion.

I.  BACKGROUND

The facts of this case are largely undisputed. On January 14, 2008, Plaintiff made a loan

to Defendant Millennia in the amount of $1,950,000. The loan was evidenced by a Business

Loan Agreement, a Promissory Note, and a Notice of Final Agreement. The loan was secured by

a Deed of Trust conveying a lien against certain property in Provo, Utah. In addition, Defendants

Combs and Jones, the officers and directors of Millennia, each executed a Commercial Guaranty in favor of Plaintiff.

On January 20, 2009, Plaintiff and Millennia entered into a Change in Terms Agreement, which extended the original maturity date of the loan from January 19, 2009 to April 14, 2009. The loan was not fully paid off by April 14, 2009, and from that date until August 31, 2009, there was no agreement between the parties, though it appears that Defendants continued to make monthly payments on the loan.  On August 31, 2009, Plaintiff and Millennia entered into a Second Change in Terms Agreement, which extended the maturity date to August 14, 2010. Millennia did not fully pay the loan by August 14, 2010, as required by the second Change in Terms Agreement.  There is no dispute that Millennia was in default after April 14, 2009.

In the spring of 2011, Plaintiff consented to a short sale of its collateral, resulting in a substantial pay-down of the loan, but not the entire amount due under the loan agreement.  This action was initiated to collect the resulting deficiency.

The parties agree that the loan balance, as of May 20, 2011, was $481,010.44. Defendants, however, assert that this amount should be reduced based on Plaintiff's failure to mitigate its damages.  Plaintiff disagrees with Defendants' mitigation claim.

## II.  SUMMARY JUDGMENT STANDARD

Summary judgment is proper if the moving party can demonstrate that there is no genuine dispute as to any material fact and it is entitled to judgment as a matter of law.[1]  In considering whether a genuine dispute of material fact exists, the Court determines whether a reasonable jury

---

[1] FED. R. CIV. P. 56(a).

could return a verdict for the nonmoving party in the face of all the evidence presented.[2]  The

Court is required to construe all facts and reasonable inferences in the light most favorable to the

nonmoving party.[3]

### III.  DISCUSSION

A.      BREACH

It is undisputed that Defendant Millennia breached the loan agreement as of April 14,

2009, and Defendants Combs and Jones breached their Guaranty agreements.  Therefore,

Plaintiff is entitled to summary judgment on this claim and the only issue remaining is a

determination of damages.

As stated, there is no dispute that the loan balance as of May 20, 2011, was $481,010.44.

The dispute here is whether this amount should be reduced based on Plaintiff's alleged failure to

mitigate.

B.      MITIGATION OF DAMAGES

Defendants argue that Plaintiff's damages should be reduced because it failed to mitigate

damages.  Specifically, Defendants claim that Plaintiff failed to mitigate by rejecting four

separate offers that Defendants presented.  First, in October 2008, non-party Gary Brinton offered

to purchase the property on behalf of DorodaNet, L.C. for $1,950,000.  Second, in November

2008, Mr. Brinton, this time on behalf of KumaNet, L.C., again offered to purchase the property

---

[2]*See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986); *Clifton v. Craig*, 924 F.2d 182, 183 (10th Cir. 1991).

[3]*See Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986); *Wright v. Sw. Bell Tel. Co.*, 925 F.2d 1288, 1292 (10th Cir. 1991).

for $1,950,000.  Both of these offers would have required Plaintiff to agree to extend the maturity

date of the loan and would have required the buyer to assume the obligations under the loan.

Third, on April 20, 2009, Defendants offered Plaintiff a deed in lieu of foreclosure or requested

an extension of the loan.  Finally, on June 11, 2009, Defendants again offered a deed in lieu of

foreclosure or an extension.  Plaintiff rejected all of these offers.

Plaintiff argues that Defendants' mitigation of damages defense fails for a number of

reasons, but the Court need only address one.  Plaintiff argues that Defendants have waived any

mitigation of damages defense based on certain language in the Second Change in Terms.  The

Court agrees.

In making this determination, the Court considers the language of the waiver contained in

the Second Change in Terms Agreement.  That waiver states:

> RELEASE:
> (a) FOR GOOD AND VALUABLE CONSIDERATION, the Borrower does
> hereby forever relieve, release, and discharge the Lender and its present or former
> employees, officers, directors, agents, representatives, attorneys, and each of
> them, from any and all claims, debts, liabilities, demands, obligations, promises,
> acts, agreements, costs and expenses, actions and causes of actions, of every kind,
> nature, description or character whatsoever, whether known or unknown,
> suspected or unsuspected, absolute or contingent arising out of or in an any matter
> whatsoever connected with or related to facts, circumstances, issues, controversies
> or claims existing or arising from the beginning of time through and including the
> date of execution of this Agreement (collectively "Release Claims"). Without
> limiting the foregoing, the Released Claims shall include any and all liabilities or
> claims arising out of or in any matter whatsoever connected with or related to (i)
> any loan or other financial accommodation previously obtained or requested by
> the Borrower from the Lender; (ii) any instruments, agreements or documents
> executed in connection with any of the foregoing or (iii) the origination,
> negotiation, administration, servicing and/or enforcement of any of the foregoing.[4]

---

[4]Docket No. 25, Ex. H, ¶ 7.

The same language is found in the Acknowledgment and Consent by Guarantor forms signed by Defendants Combs and Jones.

Plaintiff asserts that, by signing the release, Defendants have waived any claim that Plaintiff failed to mitigate damages.  Defendants argue that the release is limited to claims and causes of actions, and does not bar Defendants from asserting an affirmative defense.  Further, Defendants argue that the release is limited to claims existing as of the date of the Second Change in Terms and does not include future claims.  As the defense of failure to mitigate did not arise until the filing of this lawsuit, Defendants argue that it is not barred by the release.

As set forth above, the Second Change in Terms Agreement waives "any and all claims, debts, liabilities, demands, obligations, promises, acts, agreements, costs and expenses, actions and causes of actions, of every kind, nature, description or character whatsoever, whether known or unknown, suspected or unsuspected, absolute or contingent."  Defendants argue that while this language may bar any claims and causes of actions Defendants may pursue against Plaintiff, it does not waive any defenses.  This reading, however, interprets the release too narrowly.  It is true that the release waives claims and causes of action, but it does much more.  The waiver also bars any and all "debts, liabilities, demands, obligations, . . . [and] agreements" that are "known or unknown, suspected or unsuspected, absolute or contingent arising out of or in an any matter whatsoever connected with or related to facts, circumstances, issues, controversies or claims existing or arising from the beginning of time through and including the date of execution of this Agreement."  This language is broad enough to cover Defendants' assertion that Plaintiff failed to mitigate its damages.

5

Defendants also argue that this provision does not bar their claims because the release is limited to claims existing as of the date of the execution of the Second Change in Terms Agreement.  Again, the language of the agreement is not as limited as Defendants suggest.  The release bars all claims "arising out of or in an any matter whatsoever connected with or related to facts, circumstances, issues, controversies or claims existing or arising from the beginning of time through and including the date of execution of this Agreement."  Defendants failure to mitigate claim certainly is connected with or related to the facts, circumstances, issues, controversies or claims existing or arising from the parties' loan agreement.  Indeed, each of the four proposed mitigating circumstances arose prior to the signing of the Second Change in Terms Agreement.  Therefore, the temporal restriction of the release does not relieve Defendants of the terms of that provision.

Based on the above, the Court finds that the release is broad enough to bar Defendants' mitigation of damages claim here.  Therefore, Plaintiff is entitled to summary judgment on Defendants' affirmative defense and the Court need not consider the parties' remaining arguments on this defense.[5]

## IV.  CONCLUSION

It is therefore

ORDERED that Defendant's Motion for Summary Judgment (Docket No. 22) is GRANTED.  It is further

---

[5]Even if not barred by the waiver, the Court would reject Defendants' mitigation defense because Plaintiff's duty to mitigate did not arise until April 14, 2009, and that duty did not require Plaintiff to accept the proposals submitted by Defendants.

ORDERED that within fourteen (14) days of this Order Plaintiff submit an updated calculation of its damages, as well as a motion for attorney's fees and appropriate documentation to support said motion.  Defendants are directed to respond with any objections to Plaintiff's updated damage calculation and motion for attorney's fees within fourteen (14) days of their filing.  Plaintiff may file a reply fourteen (14) days thereafter.

DATED   April 10, 2012.

BY THE COURT:

_____

TED STEWART
United States District Judge