IN THE UNITED STATES COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| BANK OF THE WEST,<br><br>    Plaintiff,<br><br><br><br><br>            vs.<br><br><br>MILLENNIA INVESTMENT CORPORATION; ALAN E. COMBS; and DANNY R. JONES,<br><br>        Defendants. | MEMORANDUM DECISION AND ORDER GRANTING PLAINTIFF'S MOTION FOR AN AWARD OF ATTORNEYS' FEES AND ENTRY OF JUDGMENT<br><br><br><br><br><br>Case No. 2:11-CV-465 TS |

This matter is before the Court on Plaintiff's Motion for an Award of Attorneys' Fees and Entry of Judgment. Plaintiff seeks judgment in the amount of $506,704.70, with an award of attorneys' fees and costs in the amount of $51,950.37, for a total amount of $558,655.07 with post-judgment interest to accrue at 5.75% per annum. For the reasons discussed below, the Court will grant the Motion.

I.  BACKGROUND

On January 14, 2008, Plaintiff made a loan to Defendant Millennia in the amount of $1,950,000.  The loan was evidenced by a Business Loan Agreement, a Promissory Note, and a Notice of Final Agreement.  The loan was secured by a Deed of Trust conveying a lien against certain property in Provo, Utah.  In addition, Defendants Combs and Jones, the officers and directors of Millennia, each executed a Commercial Guaranty in favor of Plaintiff.

The Promissory Note provides that the borrower, in this case Millennia, agrees to pay Plaintiff's reasonable attorneys' fees and legal expenses if Plaintiff must hire an attorney to help collect the Note.[1]  The Business Loan Agreement similarly provides that Millennia "agrees to pay upon demand all of [Plaintiff's] costs and expenses, including [Plaintiff's] reasonable attorneys' fees and [Plaintiff's] legal expenses, incurred in connection with the enforcement of this Agreement."[2]  Under the Commercial Guaranty agreements, both Defendant Combs and Jones "absolutely and unconditionally guarantee[d] full and punctual payment and satisfaction of the Indebtedness of Borrower to Lender."[3]  The term "Indebtedness" is defined as including "all collection costs and legal expenses" related to the collection of the debt, including "reasonable attorneys' fees . . . that [Defendant Millennia] . . . owes or will owe [Plaintiff]."[4]

---

[1]Docket No. 35, Ex. A at 2.

[2]*Id.*, Ex. B at 6.

[3]Docket No. 25, Exs. E & F.

[4]*Id.*

Plaintiff brought this action against Defendants seeking to collect the balance remaining on the Note. Defendants, while not disputing the existence of the debt, argued that the amount of the debt should be reduced based on Plaintiff's failure to mitigate its damages. Plaintiff sought summary judgment on Defendants' mitigation of damages defense, asserting various arguments.

On April 10, 2012, the Court granted Plaintiff's request for summary judgment, ruling that Defendants had waived their right to assert a defense of failure to mitigate. As a result, the Court was not required to rule on any of Plaintiff's remaining arguments, though in a footnote the Court stated that it agreed with Plaintiff's other arguments.[5] Plaintiff now brings this Motion seeking attorneys' fees and entry of judgment.

## II. DISCUSSION

Plaintiff seeks judgment in the amount of $506,704.70, with an award of attorneys' fees and costs in the amount of $51,950.37, for a total amount of $558,655.07 with post-judgment interest to accrue at 5.75% per annum. Defendants do not dispute the amount of the debt, but argue that the amount of attorneys' fees is unreasonable and that attorneys' fees should not be included in the judgment against Defendants Combs and Jones.

A.     REASONABLENESS OF ATTORNEYS' FEES

Defendants argue that the attorneys' fees requested are not reasonable and should be reduced.

"Attorney's fees awarded pursuant to a contract should not be given scrutiny to the same degree as fees awarded in a statutory context, but should be awarded consistent with the

---

[5]Docket No. 33, at 6 n.5.

3

contractual purpose of giving the parties the benefit of their bargain."[6]  "Where attorney's fees are provided by contract, a trial court does not possess the same degree of equitable discretion to deny such fees as it has when applying a statute providing for a discretionary award."[7] Nevertheless, a court may reduce the contractual attorney's fees claimed if the court finds such award "would be inequitable or unreasonable."[8]

Under Utah law, the Court considers the following factors in determining the reasonableness of attorneys' fees: (1) What legal work was actually done? (2) How much of the work performed was reasonably necessary to adequately prosecute the matter? (3) Is the attorney's billing rate consistent with the rates customarily charged in the locality for similar services? (4) Are there circumstances which require consideration of additional factors?[9]

Defendants dispute that the amount of work performed was reasonably necessary to adequately prosecute this matter.  Specifically, Defendants argue that this case was resolved on summary judgment on a purely legal issue, yet Plaintiff's counsel spent approximately 200 hours working on this case with nearly half of that work related to the summary judgment motion.

The Court finds that it was reasonable for Plaintiff's counsel to expend the amount of effort they did to prosecute this matter.  Defendants are correct that this matter was resolved on a

---

[6]*Mark Tech. Corp. v. Utah Res. Int'l, Inc*., No. 2:03CV831 DAK, 2006 WL 1073559, at *1 (D. Utah Apr. 20, 2006) (unpublished); *see U.S. for Use of C.J.C. Inc. v. W. States Mech. Contractors, Inc*., 834 F.2d 1533, 1548 (10th Cir. 1987).

[7]*U.S. for Use of C.J.C. Inc.*, 834 F.2d at 1548.

[8] *Id*.

[9]*Dixie State Bank v. Bracken*, 764 P.2d 985, 990 (Utah 1988).

narrow issue.  However, this ignores the fact that Plaintiff raised a number of other issues in its summary judgment motion.  The issues surrounding Defendants' mitigation of damages claims presented difficult issues requiring a great deal of research, as there is little Utah case law on mitigation of damages.  Further, Plaintiff had no way of knowing that the Court would agree with its argument on the waiver issue and thus counsel, in order to effectively represent their client, were required to research and raise all of the issues presented in Plaintiff's motion for summary judgment.  Based on this, the Court finds that the work performed by Plaintiff's counsel was reasonably necessary to adequately prosecute the matter.  Therefore, the Court will not reduce the fee award requested.

B.      ATTORNEYS' FEES AGAINST COMBS AND JONES

Defendants further argue that an award of attorneys' fees should not be entered against Defendants Combs and Jones because Plaintiff has failed to identify the grounds for such an award.

As set forth above, Defendants Combs and Jones both signed Commercial Guaranty agreements.  Under those agreements, Defendants Combs and Jones agreed to pay the "Indebtedness" of Millennia.  Under the clear terms of the agreements, "Indebtedness" includes the attorneys' fees and costs owed by Millennia to Plaintiff.  Therefore, this argument must be rejected and fees and costs will be entered against all Defendants.

III.  CONCLUSION

It is therefore

ORDERED that Plaintiff's Motion for an Award of Attorneys' Fees and Entry of

Judgment (Docket No. 34) is GRANTED.

The Clerk of the Court is directed to enter judgment in favor of Plaintiff and against

Defendants in the amount of $558,655.07 with post-judgment interest to accrue at a rate of

5.75% per annum.

DATED   June 15, 2012.

BY THE COURT:

_____
TED STEWART
United States District Judge